■ GLOBAL MINERALS AND METALS CORP., Appellant, v MERRILL LYNCH & Co., INC., et al., Respondents. [761 NYS2d 188] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), entered November 15, 2002, dismissing plaintiff's complaint, and bringing up for review an order, same court and Justice, entered October 18, 2002, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs.

Plaintiff Global Minerals and Metals Corp. (GMMC) commenced this action against Merrill Lynch and some of its affiliates (collectively, Merrill) alleging that from 1994 through July 1996, Merrill misappropriated copper warrants via an account GMMC had with Merrill. The record reflects, however, that the subject account was actually held by a third party, Sumitomo Corporation, and that, as authorized by a limited power of attorney signed by a representative of both GMMC and Sumitomo, GMMC could make trades in the account as Sumitomo's agent. The record further establishes that in a May 23, 2000 settlement agreement, Sumitomo, "for itself * * * and for its agents, representatives, [etc.]" agreed to accept from Merrill money in exchange for the release of any claims against Merrill "relating in any way to copper trading." That agreement explicitly stated, "Merrill Lynch will have no liability to any person in connection with [Sumitomo's] copper losses." In view of this evidence, the IAS court properly rejected GMMC's assertions that it was the real party in interest in this matter (*see Maas v Cornell Univ.*, 94 NY2d 87, 91 [1999]; *compare, Watts v Phillips-Jones Corp.*, 211 App Div 523, 526-529 [1925], *affd* 242 NY 557 [1926]). In view of the foregoing, we need not reach plaintiff's other contentions. Concur—Buckley, P.J., Mazzarelli, Ellerin and Williams, JJ.